Sometimes our crack circuit staff tries to batch cases based on their similarity and this seems to be a case where they got it right. That's right your honor that's our assumption at least. Michelle Ryan on behalf of Pamela McGowan and as your honor knows we did file a motion to stay because the Davis case but rather than get into the Davis case I thought first I'd point out a couple of things. The government filed a letter last week about some particular issues that I'd like to correct. The first is that the government asserted that my client did not raise the actual innocence escape hatch and in fact if you look at ER 29 we did so. We may not have briefed it as thoroughly as we did before this court but we did raise the actual innocence. Kennedy You're talking about Schlepp? A Schlepp claim? That's the case for it. The Schlepp is the actual innocence escape hatch. Is that what you're talking about? Yes, I don't think I actually quoted the case. It's a wonderful name but whatever, Schlepp, whatever. But we did in fact cite that so this is something that should be before the court at this point and the other point is that while the government cited to why this is a sentencing issue and that Dean should not be applying retroactively, Marrero was actually a career offender case which deals with sentencing enhancements, advisory sentencing, not a statutory interpretation that is binding and that the courts allowed to look at because it's a criminal conviction not just sentencing factors. And then Ms. McGowan, the government seems to argue that we actually have to prove actual innocence with regard to the predicate offense of armed bank robbery. It's our position that that is not correct. If we're, there are two ways of actual innocence. The one meaning actual innocence of the offense. The offense here would be the 924C offense and that has to do with all the Johnson litigation and the Davis case. But the other option is about the sentence itself. If it was not a lawful sentence in the first place or if it's harsher than the law should have allowed. I gather you agree really up two different cases really. The Davis case, we won't submit this right now until we meet in conference. We'll decide whether we're going to do that, whether we're going to hold off until Davis, which I assume will come in June sometime because they just argued it. But with respect to the Dean matter, though, that has nothing to do with the Davis case, right? That's correct. You agree that you've got really two different problems you've got to deal with here and you also have to, in quotes, win on the Dean retroactivity argument in order to make a timely argument. Do you agree with that? That's correct, Your Honor. Okay. I don't want to burden you on this. I assume you were listening to what we talked about before in the other case. Is there anything that you heard from the defendant's perspective there that you think was not adequately argued that you could add to this debate? As my colleague indicated, they've batched these cases so we can benefit from the argument in both cases. So why is Dean substantive and retroactive from your perspective? The reason it's substantive is that it's about whether a sentence is actually lawful or not. And it's lawful if it abides by 355.3a, sufficient but not greater than necessary. And that has to apply to the aggregate sentence, not just the predicate. Before Dean essentially overruled Ninth Circuit precedent on this issue, a sentence of one day for a predicate offense, like armed bank robbery in this case, would have been deemed insufficient, unlawful. But after Dean, a sentence of one day would be lawful. And as the Supreme Court has hinted at through the years, statutes... But that's only if the second offense had a minimum and you complied with that, right? Yes. And I'm speaking to my case in particular with the 924C consecutive 16 months. And if we look through the record in our case, it does not appear that the judge considered any of this. In fact, when I was looking through it last night, the judge didn't actually make any statements clearly about what factors the judge considered but talked about an adequate sentence, didn't use the language from 355.3a. But if the Supreme Court has said to interpret statutes, and it did interpret statutes, and this is a new interpretation, then that's what the interpretation has always or should have always been. And that means Ms. McGowan was sentenced unconstitutionally in that she was sentenced to an... I'm sorry. She was sentenced unlawfully, not unconstitutionally. Our arguments are a little bit different because of the status of my client's case. I'm jumping around a little bit because it's complicated. It is. Because my client was given permission by this court to file a successive petition, which required her to prove a constitutional right, which was the Johnson issue. Right. But once she was given permission, there's nothing that precludes her under the 2255H2 provision. It doesn't apply anymore once she's already had permission to file a petition. That's a key word here. Once the petition's been filed, then she was allowed to file something about the right. And that's where our case is a little different than the prior one. She was, but isn't there a timeliness issue, nonetheless, if you can't get around the retroactivity issue? Correct. I just wanted to make sure that part was also clear how my case is a little bit different. So, really, it's all about changing the substance of the law, not procedure. Usually when we're talking about procedural changes, we're talking about, like you pointed out, Your Honor, that in Booker, but Booker was about who gets to make the decision. Is it the jury or is it the judge? And it's about the Sixth Amendment. Really different scenario than what we've seen. But substantive in that sense. Substantive in that sense but held to be procedural by this court. Right. I understand that. But what I'm saying is that whether something is substantive or procedural seems to be in the eye of the beholder because certainly at the time Booker was handed down, the understanding had been that this is really serious, substantive Sixth Amendment stuff and you've got to do it this way or you've got a big problem. And they said, no, no, no, this is procedural. So it's advisory. So how do we distinguish this case in a way that lets us know that this is substantive? I've got to tell you, this is maybe the retroactivity issue is more difficult for me, but this is a tough one because it's a hard read. It's not absolutely clear what this is. Do you agree with that? I do agree. It's confusing. And traditionally when we've looked at some of the cases and both sides have briefed this, and I'm including the prior case as well, there hasn't been a situation like this where the Supreme Court interpret a statute that deals with sentencing, and it's a substantive statute and that it's a criminal offense, and how the statutes that are required to be determined by the court play into a sentence, which is really different than what we've had before where we've had sentencing factors where the court should consider advisory, like the guidelines or whatnot. And so what ends up happening is that we have to look at did the client end up with a harsher sentence than she would have otherwise ended up with as a result of a misconstruction of what the statute required. And I would submit for my client, who's a first-time offender, who had never been in trouble in her entire life before, that's certainly the case the court could have and should have looked at that issue of what is a reasonable and necessary sentence, sufficient but not greater than necessary, and that didn't happen. Do you want to save any of your time there? Yes, thank you. We'll hear from the government. While she's coming up, counsel, who supervises CJA attorneys in this district? In Oregon? Yeah. Okay, thank you. Good morning. May it please the Court. Suzanne Miles for the United States. I think I'll jump right into the retroactivity issue, if that's okay. Please do. So I'd like to clarify a few things. So first of all, retroactivity is an issue both at the gatekeeping phase of 2255H2 for second and successive petitions. It's also a function of F3, which Your Honor has referred to, which is the timeliness of all habeas petitions. So we have to first get through the H2 requirements for what types of claims can be raised in a second or successive petition. And that's a tighter door than the F3 allocation that deals with time limitations. So let's start first with H2, because while we are past the application stage here, this is still a second habeas motion by the defendant.  And let's start with the dean claim, if we may. In order to bring that under H2, it has to be a new rule of constitutional law declared by the Supreme Court. We obviously have some conflict over the question of whether it's statutory or constitutional, but I'll leave that aside for now. We also, for H2 and H2 alone, there is the requirement that the Supreme Court make the retroactivity decision. And that's in the text of H2. It says that for, excuse me, so for H2 claims that the claim or the new rule must be made retroactive by the Supreme Court. And the Supreme Court looked at that very clearly. That was the question in Tyler v. Kane. That was the question that the Court looked at in Tyler. And what the Court held in Tyler is that that statute means what it says, that the Supreme Court and only the Supreme Court can make a retroactivity decision, can do the Teague analysis for a second or successive claim. So that's what your predecessor was talking about. Exactly. She didn't talk about it in terms of H2. She just was talking about it in general sense, so we got different sections that were confused. But you're saying under H2, the statute says it's the Supreme Court that has to make that determination. That's exactly right. You're saying that's what fits here, that our Court can't make the Teague analysis. The Supreme Court has to decide whether it's retroactive. Yes. Now, under H or under F3, so the general timeliness provision, this Court can make the retroactivity decision. That's open and available to this Court on F3. So if what we were dealing with was a late-filed first petition, then a circuit court is authorized by 2255 to look at retroactivity, to look at Teague. And, Your Honors, this Court has a number of those motions in the pipeline. So actually, Ms. McGowan's two co-defendants filed late-filed first habeas motions raising Dean claims. Now, those are stayed right now pending Blackstone. But you're saying this case is just H2, correct? That's right. Okay. Yeah. And so to answer the question that Your Honors had previously about how does the late-filed first, so it would be through one of Ms. McGowan's co-defendants cases or someone similarly situated, where a circuit court actually can look at the retroactivity decision, make the Teague analysis for itself, and then that decision can be appealed up to the Supreme Court, and the Supreme Court would then have an opportunity to look at whether Dean is, in fact, retroactive. Then we would have the rule that we needed with regard to Dean, and second or successive petitions may be available at that point. They're not available now. And that, Your Honors, is what your sister circuits have done. So the third, the list of circuits that we have, the Fifth, the Sixth, the Eleventh Circuit, who have passed on this Dean question in the context of second and successive petitions, have actually all done so at the application stage. They've all done so in unpublished opinions, with the exception of the Fifth Circuit, which published a memorandum opinion that was about a paragraph long, that all summarily said we can't listen to this right now because this is not a new rule of constitutional law made retroactive by the Supreme Court in a very summary way. And they did exactly what they can and should do, and what, frankly, this Court can and should do in this case. We simply have to wait. Kennedy. But in this case, because this is just an H-2, from your perspective, we gain nothing by looking at these cases that consider the F-3 analysis, right? Nothing at all. Exactly. Now, I don't dispute that Tyler v. Payne does open a little bit of a window, and it says that you don't have to have one specific Supreme Court case that rules on retroactivity in the first instance. Certainly, we didn't have that with Johnson. We needed Welch in order to make Johnson retroactive. So you can couple together multiple Supreme Court cases in order to get a clear retroactivity determination. But those are Supreme Court cases, not court of appeal cases. Other Supreme Court cases. And that's also a pretty strictly limited rule, because what the Supreme Court says is if you are going to couple together multiple opinions, those holdings not dicta, but holdings must necessarily dictate the retroactivity. It is not enough to say that because you might divine that this is a substantive rule, therefore, you can put Teague together with general definitions of substantive rules and get there. You would still have to do what you and co-counsel, my opposing counsel, have admitted is a very difficult analysis of determining whether Dean is, in fact, a substantive or a procedural rule. That holding does not necessarily dictate, and we can see that by the fact that these F-3 cases have all held that it's procedural and not substantive. So it clearly is not a necessary conclusion based on Dean alone plus the definition of a substantive rule. Kennedy. So from the government's perspective, given the posture of this case under H-2, what do we do with Dean? It just the Supreme Court didn't say it was retroactive. It didn't say it was substantive. End of story. Yes. It doesn't get through H-2's gate. H-2's gate is narrow, and it's drawn narrowly on purpose. And so just as the district court held here, it just doesn't meet the gatekeeping requirements of H-2. We don't even get to the timeliness requirements of F-3. As opposed to the other case where the petition hadn't been filed yet, so they do have an F-3 situation. They do have an F-3 situation. That's right. That's right. But here we just don't have the type of claim that can come through the door. And so it just needs the district court's decision needs to be summarily affirmed. Does the government agree that it would be prudent for us on the second aspect of this case to wait until United States v. Davis is decided? So I think the Court can wait, but ultimately the Davis decision isn't going to affect the merits. It's going to affect the timeliness, potentially, but it's not going to affect the merits because of Watson. So what we have in that situation is even if — let me break it down a little bit. We don't have a Johnson claim in this case because Johnson is limited to the ACCA, and this defendant wasn't sentenced under the ACCA. She was sentenced under 924C. Well, we have case law, for example, that although Johnson was an ACA case, has been Why isn't this like that? Because the Supreme Court had to declare, apply Johnson and declare a separate rule in DiMaia for 16b. It had to take Johnson and look independently at the advisory guidelines under Beckles and create a new rule there. And it's taken up Davis. So Davis indicates to us that the Supreme Court doesn't believe that Johnson extends to all similarly worded residual clauses. It's looking at each one of them in turn. So under the H-2 analysis, defendant's Johnson claim fails on a different prong. She simply doesn't rely on any new rule yet decided by the Supreme Court. So until Davis is decided and if Davis is decided in her favor, she doesn't have a new rule to rely on. Now, even if Davis is decided in her favor, that would get us through the 2255H-2 hurdle. Right? So we would have a new rule of constitutional law that's presumably retroactive. However, that gets her through the H-2 hurdle. It would get her through the timeliness gate because that would restart her one year. So her habeas motion would be able to come before the Court, but it would then fail on its merits. What do we do with Blackstone if that were to happen? So, well, Blackstone, I mean, Blackstone does the analysis that this Court needs on the timeliness issue and the H-2 issue. It hasn't the mandate hasn't issued, but the analysis in Blackstone is directly on point and should be persuasive to the Court here. But it's also been followed by every other circuit to look at it except the seventh. If the Supreme Court decides the Davis case in favor of Ms. McGowan's position, would that overrule Blackstone? It wouldn't overrule Blackstone because it's still not a Johnson claim. It would just restart a new Dean class of cases. And why would she lose on the merits at that point? Because this Court has held that bank robbery is a force clause violent crime. And so the residual clause ultimately doesn't matter in this case. Whether it's constitutional or not, it doesn't affect her sentence. Now, I see I am right out of time, unless the Court has any other questions. Any other questions about my colleague?  No, thank you very much for your argument. Well, you're two very good lawyers. And you heard what your colleague said about the H-2 versus the F-3 analysis. What about that do you disagree? I disagree. As I pointed out earlier, H-2 is about the filing of a petition. It doesn't say a claim or an issue. And since the Court, this Court, allowed Ms. McGowan to file her subsequent petition, successive petition, it was, therefore, there's nothing that prohibited her statutorily or in H-2 from filing an additional claim. And that claim would be governed by F-3 or, as we've also argued, the escape hatch, where we're arguing that Ms. McGowan was sentenced to a greater prison term than she otherwise would have been authorized by law as a result of the deemed decision. The other point when we were discussing the substantive, I knew I had forgotten one thing, and that was about the manner of culpability. Most of the procedural cases, the cases that are deemed procedural, have been about the culpability, the guilt phase. And that is not what this is about. This is about the sentencing phase and the substance of what the statutes mean together, particularly 355-3, as an independent, overarching sentencing instruction, and the factors that apply. And I'm out of time, it looks like. Other questions? Thank you. Thank you both, counsel. We appreciate the excellence of your arguments. Thank you. Okay. Now, we're not going to submit that last case. We're going to talk about whether we hold off on Davis. But we heard you, and we will take that into consideration. Thank you very much.
judges: Hawkins, M. Smith, Jr., Lynn